Ruffin, Chief Justice.
 

 It appears, upon the pleadings, that the plaintiff, Brown, gave to the plaintiff, Campbell, his bond with surety for the amount of the debt of Long, one of the defendants, to Campbell, for which Brown was Long’s surety; and that thereupon Campbell assigned the judgment at law to the plaintiff Cowan, in trust for Brown. It is admitted, by the defendants who have answered, that Josiah Huie and Robert Huie were respectively indebted to Long by bonds in the sums mentioned in the bill, and that he, Long, endorsed the bonds to the defendants, Hardie and Hargrove, in trust for himself, and to enable them to collect the debts for his benefit. It is also admitted by them that the dofendant Long has no visible or tangible property. But Long states, in his answer, and such is the fact, that, at the filing of the bill, both the judgment obtained by Campbell and that obtained by Brown against Long, were dormant; and although, pending this suit, the latter has been revived, Campbell’s judgment is still dormant; and, for these reasons^ he insists that there can be no relief here in respect to either of the judgments.
 

 An order was made by consent, in the Court of Equity of Rowan county, that the Master of that Court should collect the moneys due on the bonds of the Huie’s, and hold the
 
 *192
 
 game subject to the decree of the Court; and the cause was set lor hearing and sent to this Court.
 

 A creditor -who has & Ic&aI claim, afiawfbcfore he can of this C0Ult‘
 

 The case Kamiaut vs. May-Hawks 85, approved
 

 Uon isroed on a dormeni u not only irreg-ulai*
 

 The case Mizie,¶3 Mur. 250, and Dawson vs. shepDev.W, approved,
 

 of Hodges strong™" Dev.^253, wood vs." Dev^asb3 cited and approved.
 

 But a single question arises in the present state of this case; which is, whether the plaintiffs are precluded from the relief to which they- would otherwise be entitled, because thjudgments at law were dormant, when the bill was filed, and one of them is yet so? Upon the consideration of it, our oP^iion is against the objection made by the defendants.
 

 We agree that the creditor must shew himself to be so by * ® 4 for it is only after he has established his debt at law, that he can claim the interposition of this Court to aid him, either by making his execution at law effectual, or by giving him relief by decree in this Court, in the nature of an execution.
 
 Rambaut & al.
 
 vs.
 
 Mayfield & al.,
 
 1 Hawks, But here the debts have been reduced to judgments, . , , . , . , , , , T • and thus their justice conclusively established. It is true no execution could regularly issue on them, while dormant. But evea there is not such a presumption of satisfaction as to render an execution, if issued, void. It is only irregular, and may be set aside at the instance of the party.
 
 Oxley
 
 vs.
 
 Mizle,
 
 3 Murp.
 
 250
 
 — Dawson vs.
 
 Shepherd,
 
 4 Dev. 497. Much less
 
 can
 
 it be assumed, m this suit, that the judgments are satisfied, or that the whole debts do not remain justly due, when the debtor' himself, after admitting the original debts judgments, does not pretend, in his answer, that he has ever paid one cent upon either. The arrangement between Campbell and Brown does not amount to payment; for, to a-
 
 1 t
 
 r
 
 J 3
 
 \ void any possible inference of the sort, an assignment is taken to a third person, which has been held sufficient to keep the security on foot.
 
 Hodges
 
 vs.
 
 Armstrong,
 
 3 Dev. 253—
 
 Sherwood
 
 vs.
 
 Collier,
 
 3 Dev. 380.
 

 Then with regard to issuing an execution on a judgment, before coming into this Court, we agree likewise that it is generally proper and necessary,-and that for several reasons. Where the object of coming into a Court of Equity is, to ascertain incumbrances, to set aside conpeyances as fraudulent, or otherwise clear the title of property, which the creditor al- , . ,, , , . , , ,
 
 1 c
 
 J; , , leges is liable to be sold under execution at law, the suing out of an execution, before filing the bill, is indispensable, to
 
 *193
 
 create a specific lien on the particular property in respect to which relief is sought. But, if the property, out of which the satisfaction is sought, be an equitable right merely or any other right, which cannot be reached by a legal execution, it is vain to issue the execution, so far as respects the creation of a lien; for, if issued, it could have no such effect. It is, however, ordinarily proper, even in such a case as the last, to take out an execution; but for a different purpose, namely, to establish, by demanding property from the debtor and a return of
 
 nulla
 
 bona, that satisfaction cannot be had at law out of any other effects of the debtor; and, for that reason, that th® creditor was compelled to' come into a Court of Equity, for satisfaction out of such of the debtor’s effects as that Court only can reach. A Court of Equity never interposes in behalf of a mere legal demand, Until the creditor has tried the legal remedies and found them ineffectual. Then, and not before, this Court lends its extraordinary aid,
 
 McKay
 
 vs.
 
 Williams,
 
 1 Dev. Bat. Eq. 398-
 
 Rambaut & al.
 
 vs.
 
 Mayfield & al.,
 
 1 Hawks, 85. But, in the present case, the necessity for the action of this Couft sufficiently appeárs, without resorting to further executions at law. The debtor was once taken in execution, and-obtained his discharge as am insolvent; and he now admits that, when this bill was filed, and when he answered, he had nothing tangible,-nor any effects but these equitable demands, due on notes assigned by himself, and held in trust for him. What useful purpose could a further execution answer in such a case? None whatever. It could create no lien, nor could it establish as clearly as it is established by the answers,- that the creditor could not obtain satisfaction at law, or by means of any execution but such as this Court can supply.
 

 ^ ^ ^ who has a ’ try the ieIhLrbefore pose in his
 

 The case of wíniama^’ 398, cited and appioved.
 

 We therefore think the defence must fail; and declare the plaintiff Brown entitled to satisfaction of the principal money, and interest, and the costs due on the two judgments, out of the moneys arising from the bonds of the Huies; and it must be referred to the Master to enquire and report the sums due in respect thereof; and also,- the Master of the Court of Equity for Rowan county must- be directed to pay into this Court the moneys arising from the said bonds of- Josiah Huie and
 
 *194
 
 Robert Huíe, as he may collect the same, to be applied as far as necessary to the satisfaction of the plaintiff’s said demands and the costs of this suit,
 

 Per Curiam.
 
 Decree
 
 accordingly.