RufpiN, C. J.
 

 In 181G, Thomas Boulden was appointed by a court in Virginia the guardian of several infant children named Glenn; and entered into bonds in large penalties with the usual conditions for faithfully accounting for the estate of the wards, seven in number, in which the present plaintiffs and Smith, the intestate of the present defendant, were his sureties. Boulden afterwards died, and Eus-
 
 *250
 
 Tace Hunt administered on his estate. In 183-1, Archibald Glenn, one of the wards, having come of age, preferred a demand against Hunt, as the administrator of BonJden, and against the said sureties ior a large sum, as a balance due to him from his late guardian. And by an agreement between Glenn, Hunt, and all the sureties of Boulden, except Smith, the matters in dispute, in relation to the guardian account of Boulden, and also in relation to the administration account of Hunt as administrator of Boulden, were referred to the arbitrament and award of two persons. The arbitrators proceeded to hear the parties, and “ awarded that there was a balance due from the estate of said Boulden, deceased, to the said Archibald Glenn of $5,533 35 cts., with the interest thereon from the 25th of December, 1827.” To this arbitration Smith refused to become a party; and, after the award, he refused also
 
 to
 
 pay any part of
 
 the
 
 sum; but died intestate, and the defendant, Yarborough, became his administrator.
 

 The present suit is brought against Smith’s administrator by the other sureties or their representatives, and charges that Boulden was indebted to his ward in the sum found, aud that he died insolvent, and that Hunt had no assets to satisfy that sum or any part of it, and that those sureties were obliged to- pay the whole of it, and had done so: and the object of the bill is to compel contribution from the defendant of his intestate’s aliquot part.
 

 The answer brings forward divers points of defence, but, particularly, insists that Smith was not bound by the award, and refuses to admit that any sum was due from Boulden to his ward, A. Glenn, or that Boulden’s estate was insolvent, or that Hunt had not assets to pay whatever, if any thing, -was due.
 

 The case was submitted on the hearing a year ago, and was allowed by the court to stand over, that the parties might have an opportunity of sending the cause back for the purpose of framing the pleadings properly, with the view to the determination of the real controversy. The necessity for the insertion of additional matter in the bill, and making other parties, is obvious. In the first place, as Smith was
 
 *251
 
 not a party to the arbitration, the award has no operation against him, but he is chargeable only upon an account to be taken in this cause of Boulden’s guardianship. Morco-ver, the insolvency oí Boulden’s estate, and the full administration of his assets by Hunt, are not admitted, nor even found in the award; and, consequently, those facts are now to be established in the cause. That, also, can be done only by taking the administration account in this cause. To the taking of each of those accounts, Hunt, the administrator, is an indispensable party; for the plaintiffs have no equity against their co-surety, until it be shewn, that they cannot obtain satisfaction from their common principal. It may be, that Hunt has now funds for that purpose. Indeed, from the omission for a year on the part of the plaintiffs to take the steps indicated by the court, we are led to suppose, that between Mr. Hunt and themselves some undestanding may have taken place, and that they have, in consequence, abandoned this suit. But, however that may be, it is certain they cannot get a decree upon their present bill, and, as the defendant insists on the judgment of the court being given, we do not feel at liberty to defer it longer, but must dismiss the bill, for the foregoing reasons, and with costs. -
 

 Per Curiam, Bill dismissed with costa.