Nash, J.
 

 The right of a surety to have contribution from
 
 *388
 
 his co-surety is not founded upon any principle of contract, bLlt is the result of natural justice, upon the maxim,
 
 qui sentit commodum, sentiré debet onus]
 
 1st Story’s Eq. 471. The plaintiff alleges, that the money, received by the defendant from Joshua B. Wood, was paid to him for the mutual benefit of him, the defendant, and the intestate, William B. Allen. This, by the answer, is denied, nor is there any sufficient testimony to show the fact was, as is alleged in the bill. The evidence only proves, that the defendant, at different rimes, said he had lived an honest man, and he intended to die one, and the intestate should have one half of the money. This, to us, rather confirms the answer; he did not think it honest, and perhaps he was right, to keep to his own use, the whole of the money. It was, however, a matter within his own discretion. The pleadings do not very clearly establish, when the money was received, whether before or after the execution was discharged. We rather, however, think it may be gathered to have been before, and if so, the plaintiff would have been entitled to contribution, if the bill had been properly framed. Perhaps the facts would not justify a statement, different from t!ie one made; if so, the plaintiff has no equity. There were two persons, principals in the bond or note, Joshua B. Wood, and Henry Ennis, and neither of them is made a party to the bill, nor is it alleged that they are insolvent and unable to pay to the plaintiff what his intestate paid. For aught that appears in the case, both these individuals are perfectly solvent, and Ennis may now be living in the County of Johnston, where this bill is filed. The equity of a plaintiff lies in the insolvency of the principals, where he is seeking contribution from a co-surety.
 
 Williams
 
 v.
 
 Helme,
 
 1 Dev. Eq. 159.
 
 Rainey
 
 v.
 
 Yarborough,
 
 2 Ired. Eq. 257.
 
 Bell
 
 v.
 
 Jasper,
 
 2 Ired. Eq. 200.
 
 Mahew
 
 v.
 
 Crickett,
 
 2 Swans. 185.
 
 Daring
 
 v.
 
 Winchelsea,
 
 1 Cox. 318. And the reason is obvious — the eo-surety is bound to answer only in the place of his principal, and, if he is able, it is the duty of the surety, who has paid the debt to look to him; if he is not able, he then, and only then, has a right to seek his redress from his
 
 *389
 
 co-surety. In this case according to the answer, and there is nothing in the evidence to contradict it, the money was to him by J oshua to indemnify him, and when called on by the plaintiff he might well answer, go to the principal Wood or to the principal Ennis; they will pay you what you have advanced. They are able to do so.
 

 It is not very plain to us, upon what ground the complainant places his right to redress ; whether as a surety seeking contribution from a co-surety, or upon the ground that the defendant has received, from one of the principals, after the execution was discharged, a sum of money, which was paid to him, for the joint benefit of the defendant and his intestate. If the former, for the reasons above given, the bill cannot be sustained. Neither can it be sustained on the latter ground. In that case, if true, his claim would be purely a legal one, to be enforced in a court of law, by an action of assumpsit for money had and received to his use. He cannot have redress in this court for it.
 

 Per Curiam, , Bill dismissed with costs.