Battle, J.
 

 The alleged error of which the plaintiff complains is that his Honor refused to instruct the jury, as reques
 
 *54
 
 ted; that the transaction testified to by the witness, Harden-burg, was, in law, a purchase, and not a payment of the note in question. Had the testimony of this witness been the only evidence in the cause, we think that the plaintiff would have been entitled to the instruction which he asked. So far as that testimony goes, Dr. 'William T. Bryan was a stranger to the parties, and the money advanced by him would not have been, in law, a payment of the note;
 
 Sherwood
 
 v.
 
 Collier,
 
 3 Dev. Rep. 380. But the testimony of the other witness, Shipp, who was a party principal in the note, presents the case in another aspect. According to him, Dr. Bryan went at his instance to take up the note. It is true, he says that he did not intend that the note should be discharged, but should be held up against him and his sureties. Such might have been the intention of Dr. Bryan when he went to bank for the purpose of serving his friend. If so, it is his misfortune that he did not distinctly inform the officer of the bank of it, so that there could be no doubt that he was purchasing the note, and not paying it off. Hardenburg certainly thought that he was doing the latter, and hence arises the question, what was the true nature of the transaction between them ? was it a purchase or a payment? Upon that question there was evidence tending to support either side of it, but none establishing it conclusively either way. The blank endorsement, made long before, without any view to a sale of the note to Bryan, and of which he was ignorant, could not have the effect claimed for it by the plaintiff’s counsel. It would, at most, be only a circumstance to be taken into consideration, together with other circumstances, to prove that a purchase of the note was intended. There were other facts and circumstances related by Mr. Hardenburg, which tended to show a payment; for if Bryan chose to advance the money for Shipp, the principal in the note, it was a payment by the latter, through him, as agent. His remedy, in that case, would be against Shipp only, for money j)aid at his request, and for his use. These conflicting views, presented by the testimony, his Honor was bound to submit to the jury, and
 
 *55
 
 as- he did so fairly, the party against whom the verdict was found has no right to complain of it.
 

 Pee CueiaM. . Judgment affirmed.