Hon. JAMES BARRETT,  
Hon. LOYAL C. KELLOGG,  } Assistant Judges.  
Hon. ASAHEL PECK,

---

## Prescott & Ingalls *v.* Selim Newell.

*Principal and Surety. Contribution. Joinder of Parties.*

Where two of several co-sureties make a payment upon their obligation, each out of his own separate means—but under an agreement between the two to stand together and share and discharge the burden equally—it is *held* not to constitute the right to a joint action against a co-surety for contribution. Joint payment out of joint means is essential to the right of joint action.

But the giving of a joint note by two of the co-sureties in *payment and discharge* of the original debt, would be a joint payment, and the right of joint action for contribution would thereupon accrue; and this right would be unaffected by the manner of payment of said note, whether from joint or separate funds.

Prescott et al. *v.* Newell.

The fact that H., a co-surety with the plaintiffs and defendant, on the original obligation, signed the plaintiffs' said note as surety, would not of itself operate as an agreement on the part of the plaintiffs not to pursue H. for contribution until said note should become due. His relation and character as the signer of that note would be controlled by the agreement between himself and the plaintiffs in pursuance of which he so signed.

GENERAL ASSUMPSIT. Plea, general issue. Trial by jury June Term, 1866, STEELE, J., presiding.

The plaintiffs claimed to recover of the defendant one-third of the sum of $1285.48 and interest, which they had paid to satisfy an obligation on which the defendant was a co-surety with them. The obligation was dated October 29th, 1860, in favor of Lyndon Bank, and was signed by Miller & Trull, who were principals, and by the following persons who were sureties: Truman Prescott and Charles Ingalls, (the plaintiffs,) Selim Newell, (the defendant,) Charles Howe, Charles Hill and P. M. Wilmarth. It appeared that Howe, Hill and Wilmarth were insolvent and had been since before the time the obligation was satisfied.

The principals, Miller & Trull, failed. The plaintiff Prescott's property was attached by the Lyndon Bank. He called on his co-sureties to help him, and among the rest upon the defendant. The testimony on the part of the plaintiffs tended to show that none were able to aid unless the defendant was, and that he neglected to aid, and that Prescott and Ingalls who were both responsible, finally agreed with each other that they would stand together and take the whole thing equally upon their shoulders and suffer alike. Accordingly that on the 28th day of August, 1862, they took up the obligation and removed the attachment on Prescott's property; that they paid or took up the obligation as follows: By cash, $621.37; by note $664.; that of the cash Prescott paid $321.37, and Ingalls $300. and that when they paid their note Ingalls paid more than Prescott, so as to equalize the payments as between Prescott and Ingalls. They, the plaintiffs, testified that they " stood together " on this matter when they found the other sureties could not pay or would not, and that the whole matter was understood and agreed between them to be "joint and equal as far as they were concerned," but it appeared that they paid their cash, each from his own individual resources,

and that when they paid their note it was also paid from individual resources ; that in fact there was no joint fund between them, and no joint transaction except this.   The note was signed by Prescott and by Ingalls, and also by one Pike and one Howe, the last of whom was a co-surety on the obligation.

There was testimony tending to show that Howe and Pike signed at the request of, and as an accommodation to Prescott and Ingalls, and were simply sureties for them ; that they did not expect to pay the note, and were not called on to do so ; and that the fact that Howe was a co-surety on the obligation was not the reason of his signing the note, but that Prescott and Ingalls took the whole thing on their shoulders ; and that it was so understood between Prescott and Ingalls and Howe, but that Howe was willing to pay his share of the loss if he should ever be able, and was present and advised about the settling up of the obligation with the bank.

The defendant was not present at the time of the settlement with the bank, but was invited to be present and neglected to come, and was therefore unaware of the manner of settlement.   Some of the evidence tended to show that Howe signed as principal and Pike only as surety, and the defendant claimed that all the testimony tended to show that such was the case and excepted to the court's ruling on that point to the contrary.

The defendant insisted, after the evidence on both sides was in and before argument, that the facts as the plaintiff claimed them, did not warrant a joint action, but the plaintiffs should have sued separately, but the court ruled otherwise for the purposes of this trial, to which the defendant excepted.

The defendant also insisted that if Howe was, as the plaintiffs claimed, a mere surety on the note for the plaintiffs, it would operate as a discharge, or as giving time to Howe on the amount of the note, and thereby operate as a discharge of the whole claim, so far as the plaintiffs were concerned.   The court ruled otherwise to which the defendant excepted.

The jury rendered a verdict for the plaintiffs for $526.18, and of which they found specially that $271.84 arose from the payment by note, and $254.34 arose from the payment by cash.   No exceptions

Prescott et al. *v.* Newell.

were taken to the charge except that it conformed with the above rulings, which were excepted to.

*J. Ross*, for the defendant.

I. The plaintiffs cannot maintain a joint action under the circumstances. While the implied promise of a principal to indemnify his sureties is regarded as made to them jointly and severally or to each and to all, the implied promise of a co-surety to indemnify his co-sureties, is several or each to indemnify every other, and not to indemnify the others jointly.

But even as against the principal, sureties can maintain a joint action only when they pay out of a joint fund or create a joint fund on their joint credit for the payment. *Shelby* v. *Steele*, 5 Esp. 194; *Graham* v. *Robertson*, 2 T. Rep. 282; *Brand* v. *Boulcott*, 3 B. & Bing. 235; *Birkley* v. *Presgrave*, 1 East, 220; Comyn on Con. Vol. 1, 160; *Osborne* v. *Harper*, 5 East, 225; *Pearson* v. *Parker*, 3 N. H. 336; *Fletcher* v. *Jackson*, 23 Vt. 593; 1 Parsons on Con. 34; 1 Chitty's Plead. 4.

In this case the payment was made out of the plaintiffs' private and separate funds. To make the fund joint the plaintiffs must be equally interested in the same, which was not true either in the cash paid or the note given in part in discharge of the obligation to the bank.

II. If, as the jury have found, Howe was but a surety for Prescott and Ingalls on the note for $664., which was a note on time, they, Prescott and Ingalls, could not have sued Howe for his contributive share till said note became due; and said transaction amounted to giving Howe time to pay his share. The giving of time to one co-surety operates the same as giving time to the principal at least so far as the contributive share of that co-surety is concerned, and so far at least discharges the other co-sureties, and we think wholly discharges them.

*J. D. Stoddard*, for the plaintiffs, maintained that the plaintiffs were properly joined in this action. Chitty's Pl. p. 11 and 42; Chitty on Con. p. 597 and note; *Chandler* v. *Brainerd*, 14 Pick. 285;

*Doolittle* v. *Dwight et al.*, 11 Met. 561 ; *Graham* v. *Robertson*, 2 Term, Rep. 285.

The opinion of the court was delivered by

BARRETT, J.   The right of the plaintiffs as sureties of Miller & Trull to maintain a joint action against the defendant for contribution as a co-surety for what they have paid on the debt of their principals, depends on the fact of their having made that payment jointly, either out of a fund owned by them jointly or by some equivalent means.   In this respect they stand upon the same ground of right as they would against the principal to recover for payments made by them as his sureties, as was the case in *Whipple et al.* v. *Briggs*, 28 Vt. 65.   The fact of joint payment out of joint means is essential to the right of joint action.   In this case, what the plaintiffs paid before the giving of the note, was not by way of joint payment.   Each paid of his own separate means.   The agreement between them to stand together and share and discharge the burden equally, does not constitute the joint relation and co-operation which the law requires. For the payments thus made we think the plaintiffs are not entitled to recover in the suit.

But we regard the giving of the joint note, which was received in payment and discharge of the debt, on which the parties to this suit were co-sureties, as being a payment jointly made.   The note being so received operated the payment, and thereupon the right of action for contribution would accrue.   The manner in which that note was paid by the plaintiffs could not affect the joint relations and rights that were created by its being given and received in payment and discharge of the original debt.

Upon the evidence in the case it might properly be found that Howe was a mere surety of the plaintiffs on said $600. note.   His relation and character as the signer of that note were fixed by the agreement and understanding between himself and the plaintiffs in pursuance of which he so signed, and not by operation of law predicated upon the fact that he was co-surety with the plaintiffs and the defendant for Miller & Trull.

The fact of Howe's becoming surety on said note would not of

itself operate an agreement on the part of the plaintiffs not to pursue him for contribution till the note should have become due. His becoming such surety would not necessarily grow out of the fact of his being co-security for Miller & Trull. That fact laid him under no legal obligation to become surety of the plaintiffs on said $600. note. It would need, therefore, something more than the mere fact of his becoming such surety to constitute or show an agreement by the plaintiffs to delay enforcing contribution against him as co-surety with them for Miller & Trull.

The judgment is reversed, and, on the special finding in the verdict, judgment is rendered for the plaintiffs for $271.84, and costs in the county court, deducting the defendant's costs in this court.