### ZACK ADAMS v. J. L. HAYES.

*Action for Contribution Among Sureties—Pleading—Principal and Surety—Contribution—Equitable Action.*

1. An action at law by a surety for contribution lies only against the co-sureties, severally, for the aliquot part due from each.

2. While a party may, under the present practice, unite legal and equitable grounds of action or defense, they must be clearly set up in the pleading.

3. The remedy to which a party is entitled is determined, not by the prayer for relief, but by the facts alleged and proved.

4. Where a complaint in an action by a surety for contribution joined the principals as parties, and alleged the contract of suretyship, payment by the plaintiff and demand of the co-sureties " for their contributive shares," and asked judgment against all, but did not allege insolvency of the principals except by the averment that plaintiff was compelled to pay the debt; *Held*, that though the proper relief was not asked, and the insolvency of the principals was imperfectly alleged, the cause of action will be construed, on demurrer, as equitable rather than legal, in order to confer jurisdiction below.

CIVIL ACTION, heard on complaint and demurrer, before *Bryan, J.*, at Spring Term, 1896, of WAUTAUGA Superior Court.

The complaint was as follows:

"The plaintiff in the above entitled action, complaining of the defendants, alleges:

"1. That on the 30th day of May, 1888, F. M. Hodges and R. A. Adams, doing business under the style and firm of Hodges & Adams, executed their promissory note to L. A. Green for the sum of $600, with J. L. Hodges, Wm. T. Hayes, E. H. Dougherty, E. F. Lovill and this plaintiff as sureties on said above note.

"2. The principals in above mentioned note having failed to pay off and satisfy same at maturity, suit was accordingly entered at Spring Term, 1891, in the Superior

Court of Wautauga county by L. A. Greene, plaintiff, for balance due on said note, to-wit, $526 principal, and $23.52 interest, together with $11.40 cost of action, making a total amount of $560.92; and at June Term of Wautauga County Superior Court judgment was obtained against F. M. Hodges and R. A. Adams, principals, and J. L. Hayes, Wm. T. Hayes, E. H. Dougherty, E. F. Lovill and this plaintiff, Z. Adams, as sureties, when this plaintiff, Z. Adams, one of said sureties, paid off and satisfied said judgment in full.

"4. That $160.66 was paid by plaintiff as receiver of Hodges & Adams, out of funds of said Hodges & Adams, which came into his hands as said receiver, leaving a balance of $400.32, which amount this plaintiff was forced to pay under said execution out of his own private funds.

"5. That repeated demands have been made upon J. L. Hayes, Wm. T. Hayes, E. H. Dougherty and E. F. Lovill, the co-sureties, for their contributive shares, which they have neglected and refused, and still neglect and refuse, to pay, to the great damage of this plaintiff.

"Wherefore, plaintiff prays that he may have judgment against the defendants in this action for the sum of $320.24, with interest from October 10, 1895, which said amount is four-fifths of amount paid by this plaintiff, and for costs of this action, and for such other and further relief as the court may adjudge."

The demurrer was as follows:

"The defendants in the above entitled action demur to the complaint of the plaintiff, and for the demurer say:

"1st. That the plaintiff cannot maintain his action in the Superior Court jointly against all the defendants for contribution, but aver that if they have a cause of action against the defendants at all, it is not joint, but several, in which the amount claimed from each defendant would

be less than $200 and not within the jurisdiction of the Superior Court.''

His Honor sustained the demurrer and plaintiff appealed.

*Messrs. W. B. Councill, Jr.,* and *E. C. Smith*, for defendants.

No counsel, for appellant.

FURCHES, J.: On the 30th of May, 1888, F. M. Hodges and R. A. Adams borrowed $600 from L. A. Green, for which they executed their note as principals, with J. L. Hodges, W. T. Hayes, E. H. Dougherty, E. F. Lovill and the plaintiff, Adams, as sureties. The note was not paid and Green brought suit thereon, and recovered judgment against the principals, and sureties for the full amount of the note, principal interest and cost, which the plaintiff alleged he paid off and satisfied—paying $160.66 out of money in his hands as receiver of the principals in the note, and the residue $400.32 out of his own money, and this action is brought for contribution from his co-sureties.

The complaint is very inartistically drawn, which makes it difficult to determine whether it was intended to be what would have been an action at law or a suit in equity before the joinder of these jurisdictions. Before the joinder of these jurisdictions, this was determined by the court in which the action was brought. But now, it must be determined by the pleadings. It is true that a party can now, in the same action, set up both legal and equitable grounds of complaint or defence. But these grounds should be set up if the party wants the benefit of them.

*The Code* abolishes the distinction between actions at law and suits in equity, but the principles that governed in the separate jurisdictions before their junction are still preserved.

120—49

There are some reasons for supposing that this action was brought under the conception that it would have been an action at law, as the plaintiff does not distinctly aver the insolvency of the principals in the note, as he demands a judgment, in *solido*, for four-fifths of what he paid against all his co-sureties.   If it be considered that it is what would have been an action at law, it is clear that it cannot be maintained.   While actions on the case, at law, were allowed under the doctrine of assumpsit, and in this State, under the Statute of 1807, they could only be brought against one co-surety for his aliquot part; in this case, one-fifth of the amount the plaintiff had to pay.   *Powell* v. *Matthis*, 26 N. C., 83; Bispham Eq., Sections 328 and 329.   And treating the action as at law, the demurrer should have been sustained.

But there are other reasons for supposing that the plaintiff intended it as an equitable action.   Among these are: That he made the principals parties defendant; that he alleges that he had made demand of each of the co-sureties for their ratable portion of what he paid; and he also alleges, though in a very imperfect manner, the insolvency of the principals, by saying he was compelled to pay.   It must be admitted that if this alleges insolvency at all, it is poorly done.   But this appeal comes to us upon demurrer to the complaint, in which the grounds of demurrer are assigned, as our practice requires they should be.   And this ground of objection to the complaint is not assigned, and therefore the question as to the insolvency of the principals in the note is not before us for determination.   And we only notice what the plaintiff said, as to being compelled to pay, as tending to show this to be an equitable action.

If it is to be considered as an equitable action, that is, what would have been a suit in equity under the old jurisdiction, then the court had jurisdiction.   And this is

another reason why we are disposed to treat it as an equitable action. When a party brings an action, in which it is not plain to be seen whether it is an action at law or a suit in equity, we think, in favor of the jurisdiction of the courts and in fairness to the parties, we should so construe it as to maintain the jurisdiction of the court.

The doctrine of contribution between co-sureties is an original equitable jurisdiction, administered by courts of equity long before courts of law assumed to have any jurisdiction whatever in such matters. And when courts of law did assume jurisdiction, it was very imperfect and did not extend to cases where some of the sureties were insolvent or had died. And for these reasons, among others, courts of equity continued to hold and exercise their original jurisdiction. *Allen* v. *Wood*, 38 N. C., 386; *Rainey* v. *Yarborough*, 37 N. C., 249; Bispham Eq., Section 329; 3 Pomeroy Eq. Jur., Section 1418.

Upon reason and authority we must hold that this action is equitable in its nature, and must sustain the jurisdiction of the court.

But under this complaint, as now framed, the plaintiff is only entitled to a separate judgment against each of his co-sureties for one-fifth of what he was compelled to pay out of his own money.

But, sustaining the jurisdiction of the court, as we do, the demurrer should have been overruled. There is error.

CLARK, J., concurring: By alleging in his complaint that he made a demand on each of the defendants for "his contributive share" by having joined all his co-sureties as defendants, it seems plain that the plaintiff brought his action to recover of each defendant the *pro rata* which he should equitably contribute and this would depend upon the number shown to be solvent. The complaint and the prayer for

relief are not carefully drawn, but tne remedy to which a plaintiff is entitled depends, not upon his prayer for relief, but upon the facts alleged and. proved.   See cases cited in Clark's Code, 2nd Ed. pp. 150, 151; *Johnson* v. *Loftin*, 111 N. C., 319.   Pleadings are now required to be construed liberally, and not (as formerly) most strongly against the pleader.   *The Code*, Section, 260.

If the language of the complaint admits of any doubt of its object, when the case goes back the Judge below should, if it is requested by the plaintiff, permit an amendment in the liberal spirit of *The Code* (Section 273), that in the furtherance of justice the rights of all the parties may be equitably adjusted and finally determined in one action.