WALKER, J., dissenting; BROWN, J., concurs in the dissenting opinion. *Page 152 
The facts are sufficiently stated in the opinion of the Court by Mr.Chief Justice Clark.
On 21 June, 1904, the plaintiff and the defendant Cahoon executed a joint note under seal at sixty days to John W. Sykes for $600, with interest from date. This bond was secured by chattel mortgage on certain logs. It fell due 21 August, 1904, and was paid by the plaintiff by check for $606.90, dated 27 September, 1904. This action for contribution was begun 25 October, 1910, and the defendant pleaded the statute of limitations.
The plaintiff testified that when the bond fell due the defendant said he was not prepared to pay it, and asked the plaintiff "to take up the note and hold the same until he could pay his part of it, which would be in a short time; that this was all that was said to him by Cahoon about paying the note." That he paid the note and that it was then indorsed by the obligee as follows:
"Pay the within note to W. E. Liverman, without recourse on me. 27 September, 1904. J. W. SYKES."
The judge instructed the jury that if they believed all the evidence to answer the issue as to the statute of limitations "Yes." Plaintiff excepted. Verdict and judgment accordingly. Plaintiff appealed. This presents the only point in the case. The chattel-mortgage security cuts no figure, as the logs were the joint property of the obligors and have doubtless long since been used.
In Sherwood v. Collier, 14 N.C. 381, Ruffin, C. J., said: A payment by any one of two or more jointly, or jointly and severally, bound for the same debt, is payment by all. It is true that if payment be not intended by the purchaser, there is a difference, but that can only be by a stranger, or by using the name of a stranger, to whom an assignment can be made when jointly liable. This is upon the score of the (189) intention, and because the plea of payment by a stranger is bad upon demurrer. If the assignment of a joint security be taken to the surety himself, there is an extinguishment, notwithstanding theintention; because an assignment to one of his own debt is an absurdity."
This case has been often cited and approved. See Anno. Ed. *Page 153 
Here the payment was made by one of the principals, and not even by a surety, and there is no security to be assigned. The evidence makes out simply a payment by one of the joint obligors and a request by the other to hold up the note "until he could pay his part of it, which would be in a short time." This request implies no more than a promise by the defendant to pay his half which the law raised from the fact of payment without any express promise. There was no promise not to plead the statute if delay was given, as is held necessary, Hill v. Hilliard, 103 N.C. 34; nor, indeed, was there any promise to delay given by plaintiff.
The indorsement of the note to the plaintiff, one of the obligors, by the creditor, in no wise altered the fact that it was a payment and that the note was canceled thereby. The plaintiff could not hold the note and sue upon his own obligation which he had already paid. He was entitled to recover of the defendant one-half of the sum he had paid. Such action should have been brought within three years. The plaintiff not having done so, is barred by the statute of limitations, which has been pleaded by the defendant. The instruction of his Honor was correct.
No error.