J. H. HUDSON ET AL., SURÉTIES, v. A. W. AMAN ET AL.

(Filed 20 March, 1912.)

**Principal and Surety—Joint Action—Severance—Practice—Appeal and Error.**

When sureties on a sheriff's bond have been compelled to pay in unequal amounts for the defalcation of the sheriff, and a demurrer to the cause of action against the county has been sustained, leaving the defaulting sheriff the only party defendant: *Semble*, the cause might well have proceeded in joint action, that the ultimate right of the parties should be finally deter-

mined, and *Held*, in this case, that as no claim for adjustment among the sureties is made and the plaintiffs have not appealed, the order of severance made in the trial court is upheld, and the plaintiffs allowed to proceed in separate actions for the amount each may have paid.

APPEAL from *G. W. Ward, J.,* at Fall Term, 1911, of SAMPSON.

Civil action, heard on demurrer to complaint. There was demurrer by A. W. Aman, the present defendant, for misjoinder of both parties plaintiff and causes of action. The court in its discretion ordered a severance, and defendant Aman excepted and appealed, assigning for error the failure and refusal to dismiss the action for misjoinder.

*Faison & Wright for plaintiff.*
*H. A. Grady for defendant.*

HOKE, J. The action was originally instituted by plaintiffs, sureties on the official bond of A. W. Aman, as Sheriff and Tax Collector of Sampson County, against the defendants, county commissioners of said county. Pending the action said A. W. Aman was duly made party defendant. The complaint in effect alleged that plaintiffs, with others, were sureties on the bond of A. W. Aman as Tax Collector of Sampson County in the sum of $38,500, and that said Aman had failed to comply with the conditions of said bond, had misappropriated and squandered the taxes, and by reason of his said default the plaintiffs, his sureties, had been compelled to pay to the county the sum of $418.50 each, and one of them, J. H. Turlington, had so paid an additional $94. That the commissioners of the county had turned over the current tax lists to said Aman, before requiring proper settlement of him on former lists and when they well knew or had every reason to believe he was already in default, and by reason of this breach of statutory duty had caused increased loss and damage to plaintiffs, his sureties.

To this complaint the county commissioners demurred. Their demurrer having been overruled in the court below, on appeal to this Court it was held that no cause of action had been stated against them in plaintiff's favor. See *Hudson v. McArthur,* 152

N. C., 445. This opinion having been certified down, the action was dismissed as to said commissioners, and thereupon defendant Aman demurred to the complaint, as stated, for misjoinder of parties plaintiff and causes of action.

At common law, sureties who paid the debt of their principal could sustain an action in exoneration of the loss. The action lay in assumpsit, and was ordinarily several and not joint. *Boggs v. Cureton,* 10 Pa., 211; *Peabody v. Chapman,* 20 N. H., 418. Even at law, however, when the payment was joint or was made out of a joint fund, the sureties were permitted to join in a suit for reimbursements, and this very generally obtained when a judgment had been recovered and was paid by the sureties jointly. *Weeks v. Parsons,* 176 Mass., 570; *Clapp v. Rice,* 15 Gray, 557; *Rizer v. Callen,* 27 Kansas, 339; *Day v. Swann,* 13 Me., 165; *Prescott v. Newell,* 39 Vt., 82. And in courts of equity, when an adjustment of conflicting claims became necessary and a surety brought suit for contributions against cosureties, it was usually required to make the principal and all solvent sureties, resident within the State, parties plaintiff or defendant, that a full determination of interests involved could be had in one and the same suit. *Raney v. Yarborough,* 37 N. C., 249; *Adams v. Hayes,* 120 N. C., 383.

The cause having been dismissed against the county commissioners, the action as it now stands presents a claim by sureties who have paid the debt of their principal and by fair inference have been compelled to pay it by suit, and it further appearing that these payments have been in unequal amounts, it would seem that the cause might well have proceeded in a joint action, that the ultimate rights of the parties should be finally determined. Inasmuch, however, as no claim for adjustment is demanded and parties plaintiff have not appealed, we see no good reason why the order of severance should not stand and the parties allowed to proceed in separate actions for the amount each has paid, and in no event could the action have been properly dismissed. *Street v. Tuck,* 84 N. C., 605; *Hodges v. R. R.,* 105 N. C., 170. We find no reversible error, and the judgment of the Superior Court ordering a severance of the actions is

Affirmed.