ALBERT L. BUNKER AND N. J. MARTIN v. R. C. LLEWELLYN; WILLIAM SYDNOR, ADMINISTRATOR OF W. G. SYDNOR, DECEASED; MARTHA M. STONE, EXECUTRIX OF A. G. BOWMAN, DECEASED; W. F. CARTER; AND FRED FOLGER, ADMINISTRATOR OF A. D. FOLGER, DECEASED.

(Filed 25 February, 1942.)

1. Bills and Notes §§ 17a, 18a—

When parties primarily liable on a note pay the amount thereof to the payee bank, the transaction pays and extinguishes the note.

2. Bills and Notes § 18a—

Where two of several parties primarily liable on a note pay the amount thereof to the payee bank under an agreement that they are to have the rights of the bank to collect from the other makers, they may not hold such other makers liable as upon contract, since such other makers are not parties to the agreement with the bank, nor may they hold them upon the doctrine of subrogation, but may maintain an action against them only upon the doctrine of equitable contribution.

APPEAL by plaintiffs from *Johnson, Special Judge,* at November Special Term, 1941, of SURRY.

Civil action to recover on note, heard upon demurrer to complaint.

Plaintiffs in pertinent parts of their complaint allege that on 11 December, 1934, plaintiffs, together with A. D. Folger, R. C. Llewellyn, W. G. Sydnor, Martha M. Stone, executrix of A. G. Bowman, deceased, and W. F. Carter executed and delivered to the First National Bank,

1—221

Mount Airy, North Carolina, their promissory note, in words and figures set forth, in the sum of $5,600.00, payable one year after date.

"3. That by agreement of all of the signers of said note, and on account of an obligation of each of said signers, it was mutually agreed and understood and intended by all of the parties that the said note so signed by each of them was a joint and several obligation, and that they were all principals, and all equally liable, and were all to be bound equally and for the same period of time; that the note used was a blank form and there was not room for all of the makers to sign on the face of the note, and that some of them signed on the back, but as hereinbefore alleged, they were all principals to the said obligation, and it was expressly understood that each of the said signers became firmly and equally bound, jointly and severally, for the payment of the said note, as principals. . . .

"5. That the First National Bank of Mount Airy, the owner and holder of the said note, demanded payment . . . that the signers and makers . . . failing and neglecting to pay their prorate part or any part of said note, . . . plaintiffs, Albert L. Bunker and N. J. Martin, . . . took up the said note from the bank, under an express agreement at the time with the said bank . . . that their taking up the said note was not to constitute a payment and satisfaction of the said note; that under said agreement said Albert L. Bunker and N. J. Martin were to have the rights of said bank to collect from the other signers and makers of said note, and the transfer made by the said bank on said note was so intended.

"6. That the plaintiffs . . . allege that they are the owners of the said note, and that under the express agreement at the time the note was taken up at the bank, as hereinbefore alleged, . . . they are subrogated to the rights of the bank, as relates to the other signers and makers of the said note."

Upon these allegations, and others not pertinent to questions involved in considering demurrer, plaintiffs pray judgment against the defendants, jointly and severally, for stated sum.

Defendants William Sydnor, as administrator of W. G. Sydnor, deceased, and W. F. Carter demur to the complaint for that it appears upon the face thereof:

"First: That the plaintiffs have no legal capacity to maintain said action for that it is alleged in said complaint that the plaintiffs are assignees for collection only and therefore are not real parties in interest.

"Second: That the complaint does not state an action in contract, either expressed or implied, as between the parties plaintiff and defendant to this action.

"Third: That if the plaintiffs be found to be the real parties in interest and capable of maintaining said action for subrogation, the complaint does not state a cause of action for such relief, for that it appears from the pleading that all parties, plaintiffs and defendants, or those whose estates are parties through their personal representatives, were joint obligors upon the promissory note, jointly and severally obligated to its payment. That in law and equity subrogation may not be invoked between those who are primarily liable in the absence of an express agreement between the obligors to that effect.

"Fourth: That if the action sounds in contribution, there is a misjoinder of parties and causes of action for that the liability of each defendant would be several and not joint."

Upon hearing of said demurrer, judge of Superior Court, concluding "that the plaintiffs are the real parties in interest (that the complaint does not state a cause of action, either in contract or subrogation); but does state a cause of action (in equitable contribution) and there is no misjoinder of parties and causes," entered judgment overruling the demurrer and ordering that the case be tried as an action for equitable contribution.

Plaintiffs excepting to the several portions of the judgment in parentheses, appealed therefrom to the Supreme Court and assigned error.

*Robt. A. Freeman and Burke & Burke for plaintiffs, appellants.*
*A. B. Carter and T. D. Bryson for defendants, appellees.*

WINBORNE, J. In view of the fact that the demurrer is overruled on the ground that the complaint states a cause of action in equitable contribution, it may well be contended that in so far as the rulings adverse to plaintiffs are concerned this appeal is premature. But, be that as it may, a review of the rulings to which plaintiffs object fails to disclose error in the judgment rendered. (1) Whatever the agreement may have been between plaintiffs and the bank, on which plaintiffs undertake to state a cause of action, there is no allegation that the defendants, appellees, were parties thereto. (2) The allegation that plaintiffs satisfied the bank and took up the note under express agreement with it that "their taking up" the note was not to constitute a payment and satisfaction of it, but that they were to "have the rights of the bank to collect from the other signers and makers," may fairly raise the question as to whether the plaintiffs are the real parties in interest. The ruling that plaintiffs are the real parties in interest must be read in connection with ruling that the complaint states a cause of action for equitable contribution. But if plaintiffs be the owners of the note, the allegations are tantamount to saying that plaintiffs paid the bank and took up the note.

If so, plaintiffs and defendants being coprincipals and all equally liable on the note, such payment constitutes extinguishment of the note. *Sherwood v. Collier,* 14 N. C., 380; *Brown v. Long,* 36 N. C., 190; *Runyon v. Clark,* 49 N. C., 52; *Hanner v. Douglass,* 57 N. C., 262; *Davison v. Gregory,* 132 N. C., 389, 43 S. E., 916; *Bank v. Hotel Co.,* 147 N. C., 594, 61 S. E., 570; *Liverman v. Cahoon,* 156 N. C., 187, 72 S. E., 327; *Hoft v. Mohn,* 215 N. C., 397, 2 S. E. (2d), 23. In such event their remedy against the defendants, their coprincipals, would be in equitable contribution. *Moore v. Moore,* 11 N. C., 358; *Powell v. Matthis,* 26 N. C., 83; *Allen v. Wood,* 38 N. C., 386; *Adams v. Hayes,* 120 N. C., 383, 27 S. E., 47; *Petree v. Savage,* 171 N. C., 437, 88 S. E., 725; *Harvey v. Oettinger,* 194 N. C., 483, 140 S. E., 86. Subrogation would not lie. *Liles v. Rogers,* 113 N. C., 197, 18 S. E., 104; *Joyner v. Reflector Co.,* 176 N. C., 274, 97 S. E., 44; *Wallace v. Benner,* 200 N. C., 124, 156 S. E., 795.

The judgment below is

Affirmed.