IRVIN v. EGERTON

[122 N.C. App. 499 (1996)]

———

JOHN L. IRVIN v. GEORGE G. EGERTON

No. COA95-945

(Filed 21 May 1996)

**Contribution § 1 (NCI4th)— joint and several liability on note—less than half of entire obligation paid—right to contribution**

A party jointly and severally liable on a note may seek contribution from the other party for payment made when the paying party has paid less than half of the entire obligation where the parties have a monthly obligation on a note, and each month one party pays more than one-half of the monthly obligation.

**Am Jur 2d, Contribution § 10.**

Appeal by defendant from judgment entered 24 May 1995 in Guilford County Superior Court by Judge Howard R. Greeson, Jr. Heard in the Court of Appeals 29 March 1996.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Reid L. Phillips and Natasha Rath Marcus, for plaintiff-appellee.*

*Dotson & Kirkman, by John W. Kirkman, Jr., for defendant-appellant.*

GREENE, Judge.

George G. Egerton (defendant) appeals an order granting John L. Irvin's (plaintiff) motion for summary judgment. The trial court found no genuine issue as to any material fact and plaintiff was entitled to judgment as a matter of law against the defendant in the amount of $102,087.24, plus interest.

The undisputed facts are that plaintiff and defendant, both residents of Greensboro, North Carolina, co-signed a note in Richmond, Virginia, payable to Fidelity Federal Savings Bank (bank), to purchase a shopping center, which is owned by them as equal partners. The promissory note in the original amount of $1,900,000.00 is a joint and several obligation of the plaintiff and defendant and requires monthly payments. The note is secured by a deed of trust on the shopping center properties located in Virginia.

Since the purchase of the shopping center, the plaintiff has made, with one small exception, all the monthly payments on the note amounting to approximately $175,000.00. The note has not been paid in full and the plaintiff has not paid more than one half of the total amount due on the note. Additionally, the plaintiff paid other expenses of the shopping center, including insurance, electricity and garbage disposal. Plaintiff requested reimbursement from defendant for the money advanced and defendant has not reimbursed him. Plaintiff's action seeks contribution from defendant for monies paid by plaintiff on defendant's behalf.

The issue is whether a party jointly and severally liable on a note may seek contribution from the other party for payments made when the paying party has paid less than half of the entire obligation.

The parties dispute whether the law of Virginia or the law of North Carolina governs the resolution of this dispute. We need not

IRVIN v. EGERTON

[122 N.C. App. 499 (1996)]

resolve this issue because we determine that with respect to contribution, the single issue presented, the law of both states is consistent. Contribution is generally defined as "the right of one who has discharged a common liability or burden to recover of another also liable [the fractional] portion which he ought to pay or bear." 18 C.J.S. *Contribution* § 2, at 4 (1990); *See Nebel v. Nebel*, 223 N.C. 676, 684, 28 S.E.2d 207, 213 (1943); *Sacks v. Tavss*, 375 S.E.2d 719, 720-21 (Va. 1989). The doctrine is "not founded on, nor does it arise from, contract or tort, but is founded on principles of equity, principles of natural justice." 18 C.J.S. *Contribution* § 3, at 5 (1990). It is a prerequisite to a claim for contribution that the party seeking contribution "satisf[y], by payment or otherwise, more than his just proportion of the common obligation or liability." 18 Am. Jur. 2d *Contribution* § 9, at 16 (1985); *see Nebel*, 223 N.C. at 684-85, 28 S.E.2d at 213; *Sacks*, 375 S.E.2d at 721; Va. Code Ann. § 8.01-249(5) (Michie 1992) (cause of action for contribution accrues "when the contributee . . . has paid or discharged the obligation").

In this case the defendant does not contest that the plaintiff and defendant are jointly and severally liable on the note and therefore have a common obligation to the bank. It is also not contested that as between the parties there is an equal obligation to pay the note. The defendant does, however, argue that the plaintiff is not entitled to contribution because he has not paid more than one-half of the total debt or at least $950,000. We disagree. The parties have a monthly obligation on the note and each month that the plaintiff paid more than one-half of the monthly obligation he satisfied more than his just proportion of that common obligation and is therefore entitled to contribution for that amount. The trial court thus correctly entered summary judgment for the plaintiff to the extent of one-half of the plaintiff's payments to the bank. Because we are unable to determine from this record the extent, if any, that the parties had a joint obligation to pay the other expenses of the shopping center, we cannot affirm summary judgment to the extent it may permit contribution by the plaintiff for one-half of those amounts. Furthermore, because the summary judgment does not delineate between the note payments and the other expenses, we must remand to the trial court for entry of a judgment with respect to the note only.

Affirmed in part and remanded.

Judges LEWIS and MARTIN, Mark D., concur.