The opinion of the Court was delivered by
Johnston, Ch.
The grounds of appeal in this case, which it is deemed necessary to notice, relate:
1. To the mortgage given by Stokes to indemnify his sureties for money borrowed.
2. To the non-allowance of interest to Cochran on his capital put in.
3. To the advantages decreed to George W. Hodges, in respect to payments made by him beyond his share for the land bought by himself and Stokes from the commissioner; and
4. To the refusal to make Hodges account for the rent of this land after Stokes’ death.
1. As to the mortgage. There would be much difficulty in relation to this instrument, if it had been made to appear that it had been put into operation. Among other matters of difficulty, would be the determination of its effect upon creditors, under the circumstances stated in the case. Was Coch *153 ran a subsequent creditor anterior to the notice which he appears to have obtained on the 5th of December? and many other points. But all these inquiries are superseded by the opinion entertained by this Court,to wit: that the instrument was never delivered, and never went into operation.
No conclusion in favor of delivery should be drawn from the fact, that in the attestation it purports to have been “ signed, sealed and delivered.” It was in that condition when shewn by Stokes to Zeigler; and it is certain that at that time it had not issued from the hands of Stokes. It still remained with him when he procured the accommodation of Marshall. Nor would it seem to have been delivered at the time the money was borrowed from Clinkscales ; with whom a note was left “as collateral security,” until 'another note could be procured and substituted.
Had the mortgage been registered, that circumstance might have been insisted on as evidence of delivery.- But secret, unregistered conveyances or liens are not to be favored, unless there is reasonable proof that, during the time they remained out of the range of public observation, everything that purports to have been done was actually and bona fide done. There is no proof that either of the mortgagees was ever in the possession of the instrument during Stokes’ life. The-last evidence we have of it leaves it in Stokes’ possession: and we are to infer that it remained in his hands at his death, unless the subsequent production of it by George W. Hodges is proof, that he acquired possession by the hands of Stokes. But when we consider his intimate connection with the administration of Stokes’ estate, whose administra-trix was his own daughter, for whom he acted as principal agent, we hesitate to admit that his possession must have been acquired from the intestate. We disclaim all disparaging imputation whatever, but.we think it would be unsafe to presume a delivery under the circumstances.
2. The next point relates to the interest claimed on the capital put in by Cochran. The exception was, that the *154 commissioner, in his report, had not allowed this interest. The Court must confine itself to the exceptions put in ; and it expects that they shall be such as to point out the specific errors complained of. The argument here, is, not so much, that interest should be allowed to Cochran on his advance of capital, as that Stokes, the other party, should have been charged for capital which he failed to put in — with interest on what he withheld. That might have been a proper exception to the report; but it was not taken; and it would have been extraordinary if the Court had substituted and sustained an exception omitted, in place of the one put in, as the basis for its judgment.
On the exception actually put in, this Court is of opinion the Chancellor’s decision was correct. As between partners the object of putting in capital is profits and not interest. The profits are the substitute of interest; and without some stipulation in the articles, each partner is only entitled to have his capital back. This is the drift of the case of Cameron vs. Watson, 10 Rich. Eq., 64.
It is not intended to say that in the account Stokes is not chargeable with the amount of capital he failed to put in. But, as I have said, that is a very different thing from sustaining the claim now advanced.
3. This Court approves the ruling of the Chancellor, in respect to the amount paid by Hodges beyond his own half of the bond ; and the point requires no further observation.
4. The fourth point relates to the rent claimed from Hodges for his occupation after Stokes’ death.
There has been an accounting as to all other matters beyond this rent. It is not necessary to inquire whether there may or may not be a partnership in land. We are of opinion there was no partnership in this land. The parties were, by the conveyance to them, joint tenants. The land was the mere basis of operations, in which operations slaves and live stock were contributed for the purposes of common *155 profits or losses. As to these contributions there was a partnership ; of which the accounts have been taken.
But I am instructed by the Court to announce its opinion that an account should have been taken, charging Hodges, not for rent, eo nomine, but in respect to his occupation beyond 'his just proportion of the land.
The bill is to call in creditors of the estate of Stokes, and to apportion its assets among them. Hodges has come in and has preferred his demands as such creditor, and they have been established. But I am instructed to say that these should not have been allowed, without deducting from them what he owes for undue occupation of these premises. It is conceived that this would not be just to the other creditors. Therefore the direction of this Court is, that for any occupation by Hodges, exceeding the share to which he was entitled (to wit: beyond half the premises) he should be charged with reasonable compensation, to be deducted from the amount allowed him on his demands against the estate of Stokes.
Let the decree be modified according to this opinion ; and in all other respects affirmed.
Dunkin and Wardlaw, CC., concurred.

Decree modified.