1438

Otis Allen JEFFCOAT, III, as Receiver of the Assets of Martha Mims, Appellant v. Lindsay C. MORRIS, Respondent.

(389 S. E. (2d) 159)

Court of Appeals

*Michael W. Battle*, of *Lovelace & Battle*, Conway, *for appellant.*

*James B. Van Osdell* and *Cynthia Graham Howe*, both of *Van Osdell, Lester, Stewart, Hearn, McCutchen, Brittain & Martin*, Myrtle Beach, *for respondent.*

Heard Nov. 14, 1989.

Decided Dec. 18, 1989.

SHAW, Judge:

Appellant, Otis Allen Jeffcoat, III, as Receiver of the Assets of Martha Mims, sued respondent, Lindsay C. Morris, for payment on a note made by Mims and Morris. The case was referred to the Master-in-Equity who found for the receiver and entered judgment against Morris. Morris appealed to the circuit court which reversed the Master. The receiver appeals. We affirm.

Mims and Morris formed a partnership for the purpose of constructing and selling townhouse units. Under their partnership agreement, Mims was to provide the property for the project while Morris, who was in the construction business, was to construct the buildings at cost.

On April 30, 1981, Mims and Morris executed a note to Davis National Bank in the sum of $127,463.61, using funds received to finance their project. They also signed a mortgage to secure the note. The mortgaged property included three townhouses of the partnership and a parcel owned individually by Mims. The note became due on July 1, 1981 and Mims and Morris defaulted. In August, 1981, the bank commenced foreclosure proceedings.

Mims had a number of unsatisfied judgments against her and in November, 1981, Jeffcoat was appointed as Receiver to take charge of Mims' assets. Pursuant to his appointment, the receiver began selling off Mims' assets. He first sold the separate piece of property Mims mortgaged to secure the note in question. He then used these proceeds to "purchase" the note. The bank released the mortgage and assigned the note to the receiver on July 13, 1982.

In March, 1987, the receiver sued Morris on the note claiming he owed $165,044.75 after crediting Morris with the proceeds from the sale of the three townhouses owned by the partnership and covered under the mortgage.[1] Morris answered asserting, among other things, the receiver had paid the note thus discharging him from liability on the note.

The case was referred to the master who ordered judgment for the receiver for $165,044.75 on the note plus $16,504.48 in attorney's fees. In doing so, the master found that the receiver acted as an arm of the court, separate from Mims, and that he could properly maintain this action to collect on the note.

Morris appealed to the circuit court which reversed the master and entered judgment for Morris. The circuit court found the receiver stood in the shoes of Mims, having no greater rights than Mims would have had if she "purchased" the note, and being subjected to any defenses Morris had

---

[1] The receiver originally sued both Mims and Morris on the note, but the court dismissed Mims. Apparently, no appeal was taken from this order.

against Mims. He further found that, despite the receiver's attempt to obtain an assignment of the note, the note was extinguished by operation of law.

The issue before us is what effect the receiver's action of "purchasing" the note had on Morris' liability on the note as co-maker. We conclude it extinguished the note and therefore affirm the order of the circuit court.

We first address Jeffcoat's status as a receiver. A receiver represents the court appointing him. He is an officer of the court and is the agency through which the court acts. *Kirven v. Lawrence*, 244 S. C. 572, 137 S. E. (2d) 764 (1964). However, the appointment of a receiver works no metamorphosis in the title or interest to or in the assets of the insolvent; the receiver takes possession of them as the arm of the court, subject to all existing liens and encumbrances, having due regard to the legal and equitable rights of the parties. *Carwile v. Metropolitan Life Ins. Co.*, 136 S. C. 179, 134 S. E. 285 (1926). A receiver stands in the shoes of the debtor with respect to the property of the latter and the appointment of a receiver will not change any existing contractual relation or create any new contractual relation or right of action thereon. *National Cash Register Co. v. Burns*, 217 S. C. 310, 60 S. E. (2d) 615 (1950). A receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver and becomes merely the assignee of the insolvent having exactly the same rights. *Carwile* at 290. Thus, there is no distinction in the case at hand between "purchase" of the note by Mims and "purchase" of the note by the receiver.

The question thus becomes whether the "purchase" of the note extinguished Morris' liability on the note. While research discloses no South Carolina case in point, a study of similar cases in neighboring jurisdictions convinces us such action does act to extinguish Morris' liability on the note.

The North Carolina case of *Bunker v. Llewellyn*, 221 N. C. 1, 18 S. E. (2d) 717 (1942) involved a situation where co-makers of a note took up the note under an express agreement with the payee that such did not constitute payment and satisfaction of the note. The co-makers then sued other co-makers on the note. The court held the proper action was

for equitable contribution, as payment constituted extinguishment of the note and subrogation would not lie. In *Norris v. Barbour*, 188 Va. 723, 51 S. E. (2d) 334 (1949) the Supreme Court of Appeals of Virginia held that payment by one jointly liable on a negotiable instrument inures to the benefit of his co-obligor and releases the latter from obligation on the instrument. The joint maker who has made payment cannot sue his co-maker on the note by reason of its assignment to him by the payee, but may recover of the co-obligor in an action for contribution. Finally, in the more recent case of *Roark v. Hicks*, 234 Va. 470, 362 S. E. (2d) 711 (1987) the Supreme Court of Virginia addressed the situation applying their Code § 8.3-601(3)(a), identical to our S. C. Code Ann. § 36-3-601(3)(a) (1976) which provides as follows:

> The liability of all parties is discharged when any party who has himself no right of action or recourse on the instrument (a) reacquires the instrument in his own right ...

The court there held where a co-maker of a note pays the note and has it assigned to him, he does not have recourse against other co-makers on the note. To allow a maker of a note, or one who stands in the shoes of that person, to acquire an assignment of the note and then sue his co-makers on the note would open the doors to possible abuse and sharp dealing. Thus, we hold that payment of a note by a maker, or an appointed receiver of the maker, operates to extinguish the note, discharging the liability of any co-makers on the note. The proper action in such a situation is for equitable contribution.

Affirmed.

BELL and CURETON, JJ., concur.