24104

UNITED CAROLINA BANK, as Trustee under IRA dated June 25, 1987, for Lloyd D. Auten, Petitioner v. CAROPROP, LTD., a South Carolina corporation, and First South Savings Bank, Inc., Defendants, of whom First South Savings Bank, Inc. is Respondent.

(446 S.E. (2d) 415)

Supreme Court

*James M. Brailsford, III* and *John S. Taylor, Jr., Robinson, McFadden & Moore, P.C.*, Columbia, *for petitioner.*

*Steven M. Anastasion* of *Callison, Tighe, Robinson & Anastasion*, Columbia, *for respondent.*

Heard April 7, 1994.

Decided June 20, 1994.

CHANDLER, Acting Chief Justice:

We granted certiorari to review Court of Appeals' Opinion reported at — S.C. —, 429 S.E. (2d) 197 (Ct. App. 1993).

We reverse.

### FACTS

Lloyd D. Auten (Petitioner) and Atlantic Properties (Atlantic) purchased 46 acres of land from Interstate Investment Associates (Interstate). Auten and Atlantic held the property as tenants-in-common with joint and several liability on a first mortgage to Interstate.

Atlantic subsequently conveyed its one-half interest to Caroprop, Ltd. (Caroprop), subject to the lien of Interstate's first mortgage. Thereafter, Caroprop gave a second mortgage on its half of the property to Respondent First South Savings Bank (First South).

Both Auten and Caroprop initially made payments on the Interstate note; when Caroprop stopped paying, Interstate instituted foreclosure proceedings. Auten, to avoid foreclosure, satisfied both the Interstate mortgage and past-due real estate taxes.

Auten instituted this partition action, claiming he was enti-

tled to equitable subrogation to the extent of monies paid by him on behalf of Atlantic's one-half obligation on the Interstate mortgage. Caroprop defaulted and First South counterclaimed, seeking foreclosure of its second mortgage. The matter was referred, with finality, to the Master who held that, although Auten was entitled to *contribution* from Caroprop, First South's mortgage had priority over his claim. Court of Appeals affirmed.

## ISSUE

The sole issue we address is whether Auten is entitled to be equitably subrogated to the rights of Interstate, the first mortgagee.

## DISCUSSION

■  The elements of equitable subrogation are:

1. The party claiming subrogation has paid the debt.
2. The party was not a volunteer but had a direct interest in the discharge of the debt or lien.
3. The party was secondarily liable for the debt or for the discharge of the lien.
4. No injustice will be done to the other party by the allowance of the equity.

*Dedes v. Strickland,* — S.C. —, 414 S.E. (2d) 134 (1992); *Pee Dee State Bank v. Prosser,* 295 S.C. 229, 367 S.E. (2d) 708 (Ct. App. 1988). Both parties concede Auten meets the first two elements; the dispute is (1) whether Auten was *primarily* or *secondarily* liable for the debt and, (2) whether injustice will result to First South by allowance of the equity.

■  Auten concedes that, as comaker of the Interstate note and mortgage, he is jointly and severally and, therefore, primarily liable[1] *at law* for the full amount of the mortgage; however, he contends that, *in equity,* he is only *secondarily* liable for Atlantic's share. We agree.

In *Stokes v. Hodges,* 32 S.C. Eq. (11 Rich. Eq.) 135 (1859), it was held that, where one cotenant pays more than his proportionate share of the debt on property, the excess amount is paid as a surety, thereby entitling him to priority over claims against his cotenant's estate. Two recent Court of Appeals

---

[1]S.C. Code Ann. § 36-3-118(e) (1976).

cases, however, reach a contrary result. In *Pee Dee State Bank v. Prosser*, 295 S.C. 229, 367 S.E. (2d) 708 (Ct. App. 1988), the Court of Appeals held that a mortgagor who pays off a prior mortgage may not keep it alive against later mortgagees by asking for subrogation. In *Jeffcoat v. Morris*, 300 S.C. 526, 389 S.E. (2d) 159 (Ct. App. 1989), it was held that payment of a note by a comaker operates to extinguish the note, discharging the liability of any comakers on the note. The *Jeffcoat* Court inferred that, in such a case, an action for equitable subrogation will not lie.

In *Dunn v. Chapman*, 149 S.C. 163, 146 S.E. 818 (1929), this Court held that where a mortgagor conveys half his property on the grantee's assumption of half of the mortgage, the property becomes the primary fund out of which the mortgage is collectible; the mortgagor then becomes *secondarily* liable for the mortgage debt. On paying the debt, the mortgagor is entitled to to be subrogated to the mortgagee's rights. *See also Prudential Investment v. Connor*, 120 S.C. 42, 58, 112 S.E. 539 (1920); *Walker v. Queen Ins. Co.*, 136 S.C. 144, 134 S.E. 263 (1925). Here, Court of Appeals found *Dunn* inapplicable, since Auten had never conveyed his share of the property. Whether Auten conveyed his share is immaterial. Under *Dunn*, the dispositive issue is not *who* conveys the property but that, upon *conveyance*, it is the property itself, and not the mortgagor, which becomes primarily liable. Accordingly, we hold that, upon Atlantic's conveyance of its share of the property, Auten, in equity, became secondarily liable for the debt.

Finally, our holding imposes no injustice upon First South, it having knowingly taken a *second* mortgage from Caroprop. Auten's payment of the Interstate mortgage in no way disadvantages First South, which has done nothing to advance its priority.

We hold, under this Court's precedent law, that Auten is entitled to the remedy of equitable subrogation. *Prosser* and *Jeffcoat* are overruled to the extent they are inconsistent with this opinion. The judgment below is

Reversed.

FINNEY, TOAL and MOORE, JJ., and M.D. SHULER, Acting Associate Justice, concur.