THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Hobbithouser,
 LLC, Appellant,
 v.
 Thomas L. Crosby,
 Jr., J & A Construction, and Joe A. Daves, Respondents,
 
 
 

Appeal From York County
S. Jackson Kimball, Master-In-Equity
Unpublished Opinion No.  2008-UP-339
Submitted May 1, 2008  Filed July 7, 2008   
AFFIRMED

 
 
 
 Charles B. Baxley, of Lugoff, for Appellant.
 Daniel D. DAgostino, of York, for Respondents and
 Thomas L. Crosby, Jr., pro se, of Matthews.
 
 
 

PER CURIAM:  In
 this action to foreclose a real estate mortgage, Hobbithouser, LLC (Hobbithouser)
 appeals the master-in-equitys finding that Thomas L. Crosby, Jr.s payments on
 two promissory notes extinguished the notes and the related mortgage.  We affirm.[1]   
FACTS
On
 October 13, 1999, Crosby secured personal loans made to him by Carolina First
 Bank (Carolina First) by mortgaging approximately 164 acres in York County (York Property).  Subsequently, in an unrelated action, J & A Construction,
 Inc. obtained and recorded a judgment against Crosby.  Crosby failed to pay the
 judgment and the sheriff levied on the York Property.  On July 10, 2002, after
 two execution sales, the sheriff deeded the York Property to J & A
 Construction, the high bidder at both sales. 
After
 the York Property was levied, but prior to the execution sales, Crosby executed two promissory notes to Carolina First.  The first note (Note One), in the
 amount of $374,307.77, refinanced the original loan from October 1999 and was
 secured by the York Property.  The second note (Note Two), in the amount of
 $153,071.71, was cross-collateralized by the October 1999 mortgage on the York
 Property.  
On
 October 21, 2003 and November 28, 2003, more than a year after J & A
 Construction acquired the York Property, Crosby, using his personal funds, paid
 Carolina First in full for both notes.  Thereafter, on December 3, 2003,
 Carolina First assigned Note One, Note Two, and the October 1999 mortgage to
 Hobbithouser, a South Carolina corporation in which Crosby owns an eighty
 percent interest.  The assignment was subsequently filed on June 14, 2004. 
Meanwhile,
 on November 24, 2003, Crosby wrote a check to himself from the Hobbithouser
 account in the amount of $1,339,129.80 when Hobbithousers account contained approximately
 $200.  The next day, Crosby made a deposit from his personal account into the Hobbithouser
 account in the exact same amount as written on the check.[2]  
Sometime
 after the York Property was deeded to J & A Construction and the notes and
 mortgage were assigned to Hobbithouser, Hobbithouser claimed J & A
 Construction failed to timely make interest payments on the notes.  On December
 22, 2005, Hobbithouser filed this action against Crosby, J & A Construction,
 and Joe A. Daves to foreclose the mortgage on the York Property.  After a non-jury
 trial, the master denied Hobbithousers claim for foreclosure of the mortgage
 and directed the clerk of court to satisfy the mortgage.  The master also
 denied Hobbithousers motion to reconsider.  This appeal followed.
STANDARD OF REVIEW
An action to foreclose a real estate mortgage is an
 action in equity.  BB&T of South Carolina v. Kidwell, 350 S.C. 382,
 387, 565 S.E.2d 316, 319 (Ct. App. 2002).  In an action in equity, we may
 review the facts in accordance with our own view of the preponderance of the
 evidence.  Smith v. Barr, 375 S.C. 157, 160, 650 S.E.2d 486, 488 (Ct.
 App. 2007).  However, we need not disregard the factual findings of the master,
 who saw and heard the witnesses and was in a better position to judge their
 credibility.  Id.
LAW / ANALYSIS
I.  Payments to Carolina First
Hobbithouser
 argues the master erred in finding Crosbys payments to Carolina First
 extinguished his debt.  We disagree.
In Jeffcoat
 v. Morris, the court considered whether a receiver of a debtor, who
 purchased a debtors note by paying off the debt, could sue the co-maker of the
 debtors note.  300 S.C. 526, 389 S.E.2d 159 (Ct. App. 1989), overruled by United Carolina Bank v. Caroprop, 316 S.C. 1, 446 S.E.2d 415 (1994).[3] 
 After reviewing North Carolina and Virginia case law, the court held payment
 of a note by a maker, or an appointed receiver of the maker, operates to
 extinguish the note, discharging the liability of any co-makers on the note.  Id. at 529, 389 S.E.2d at 161.  The court reasoned that [t]o allow a maker of a
 note, or one who stands in the shoes of that person, to acquire an assignment
 of the note and then sue his co-makers on the note would open the doors to
 possible abuse and sharp dealing.  Id. 
Similarly,
 in Ives v. Rutland, a purchaser of property took the property subject to
 a mortgage, paid the bank in full for the mortgage, and then rather than
 satisfying the mortgage, requested the bank assign it to him.  The court held
 the mortgage became a dead paper when the purchaser paid it off, thus there
 were no rights to assign.  135 S.C. 173, 182, 133 S.E. 539, 541 (1926).  See
 also 59 C.J.S. Mortgages § 460 (1998) (stating that payment of a mortgage
 debt generally discharges the mortgage and terminates the mortgagees rights).
Here,
 Crosby paid off his debt in full and then secured an assignment to
 Hobbithouser, a company in which he owned an eighty percent interest.  In
 accordance with South Carolina jurisprudence, Crosbys two notes and mortgage
 were extinguished when he, as the sole debtor on the notes and mortgage, paid
 the debts in full.  Once the debts were paid, the mortgage was satisfied and
 there were no rights to assign to Hobbithouser.  Therefore, J & A
 Constructions judgment lien assumed the status of a first lien on the real
 property, and J & A Constructions purchase of the property at the
 execution sale was free and clear from the prior lien of the mortgage.  
II.  Agent of Hobbithouser
Hobbithouser
 also contends the master erred in finding Crosby acted in an individual
 capacity when he paid off his debts because he was acting as an agent for
 Hobbithouser.  This issue is not preserved for our review.  
At
 trial and in its motion to reconsider, Hobbithouser argued Crosby made the
 payment on its behalf; however, it did not specifically raise any agency
 arguments.  See Collins Entmt Corp. v. Coats & Coats Rental
 Amusement, 368 S.C. 410, 418, 629 S.E.2d 635, 639 (2006) (finding a
 general, non-specific argument that does not encompass the specific grounds
 raised on appeal does not preserve the issue).  Accordingly, this argument is
 not preserved for our review.  
III.  Defense
 of Avoidance
Hobbithouser
 argues the master erred in admitting evidence constituting the defense of
 avoidance because J & A Construction failed to plead it as a defense.  This
 issue is not preserved for our review.    
Hobbithouser did
 not make this argument to the master.  Because this argument was not raised to
 or ruled upon by the master, it is not preserved for our review.  See Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating an
 argument raised for the first time on appeal is not preserved for appellate
 review).
CONCLUSION
For the foregoing
 reasons, the order on appeal is 
AFFIRMED.
HEARN,
 C.J., and SHORT and KONDUROS, JJ., concur.

[1]  We
 decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Crosby testified the money he deposited was
 payment to him from an unrelated land sale. 
[3]  Jeffcoat was overruled at least to the
 extent that it prevents a mortgagor from being equitably subrogated to rights
 of a mortgagee.  Williams v. Sandman, 187 F.3d 379, 382 n.2 (4th Cir.
 1999).