# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Independence National Bank, Petitioner,

v.

Buncombe Professional Park, LLC, and David DeCarlis,
s/a David D. DeCarlis, Respondents.

Appellate Case No. 2013-000915

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Greenville County
Charles B. Simmons, Jr., Master-in-Equity

---

Opinion No. 27499
Heard February 5, 2015 – Filed February 25, 2015

---

## REVERSED

---

D. Sean Faulkner, of Greenville, C. Mitchell Brown and
Mattison Bogan, both of Columbia, all of Nelson Mullins
Riley & Scarborough, LLP., for Petitioner.

Mary Leigh Arnold, of Mt. Pleasant, for Respondents.

---

**JUSTICE PLEICONES:** We granted certiorari to consider the Court of Appeals'
decision in this mortgage priority case. *Independence Nat'l Bank v. Buncombe
Prof'l Park, L.L.C.*, 402 S.C. 514, 741 S.E.2d 572 (Ct. App. 2013). We reverse the

Court of Appeals' decision and reinstate the master's judgment because we find petitioner Independence National Bank (Bank) is entitled to be equitably subrogated to the original first mortgage on the property.[1]

## FACTS

Respondent DeCarlis is the sole member of respondent Buncombe Professional Park, L.L.C. (Buncombe), which owned an undeveloped parcel of land. In 2007, DeCarlis, as Buncombe's representative, executed a note and mortgage with Bank. At the same time, DeCarlis executed a personal guaranty. As part of this transaction, Bank satisfied the existing first mortgage at closing.

Buncombe ceased paying on the 2007 mortgage. As Bank prepared this foreclosure suit, it learned in 2010 that DeCarlis held what had been, prior to Bank's satisfaction of the original first mortgage, a second mortgage on the property executed and properly recorded in 2006. The same attorney represented both Bank and Buncombe at the 2007 mortgage closing, and had actual notice of DeCarlis' 2006 mortgage at the time of the 2007 closing since he had conducted the title search. The attorney testified at the hearing in this matter that he erroneously neglected to have DeCarlis execute a satisfaction, release, or subordination of his 2006 mortgage at the 2007 closing in order to effectuate the parties' agreement that Bank was to have a first mortgage. Since no such document was executed, DeCarlis' 2006 second mortgage became the first lien, with priority over Bank's 2007 mortgage.

Bank brought this foreclosure action against both Buncombe and DeCarlis. The master "reformed" both Bank's 2007 and DeCarlis' 2006 mortgage, subordinating DeCarlis' mortgage to that of Bank. In a post-trial order following the parties' Rule 59 motions, the master found Bank was equitably subrogated to the original first mortgage which Bank had satisfied as part of the 2007 closing, thus giving Bank's 2007 mortgage priority over the 2006 DeCarlis mortgage on a second ground.

Buncombe and DeCarlis appealed, and the Court of Appeals reversed. We granted Bank's petition for a writ of certiorari to review that decision and now reverse on the equitable subrogation ground.

---

[1] In light of this ruling, we need not reach the issue of reformation.

# EQUITABLE SUBROGATION

In order to be equitably subrogated to the original mortgage, Bank was required to demonstrate:

> (1)  it paid the original first mortgage;
>
> (2)  it was not a volunteer, but had a direct interest in the discharge of that mortgage;
>
> (3)  it was secondarily liable for that mortgage;
>
> (4)  no injustice would be done to DeCarlis by the allowance of equitable subrogation; and
>
> (5)  it did not have actual notice of DeCarlis' 2006 second mortgage at the 2007 closing.
>
> *Matrix Fin. Serv. Corp. v. Frazer*, 394 S.C. 134, 714 S.E.2d 532 (2011), *citing Dedes v. Strickland*, 307 S.C. 155, 158, 414 S.E.2d 134, 136 (1992).

The Court of Appeals held that Bank satisfied all the equitable subrogation criteria except the last, the absence of actual notice.  The Court of Appeals held that the closing attorney was the agent of both Bank and Buncombe, and that his actual knowledge of DeCarlis' 2006 mortgage, garnered during the title search, constituted actual knowledge to Bank, his principal.  Bank contends this holding was error, and that an agent's actual knowledge imputes only constructive knowledge to his principal.  We agree.

The rule is that a principal has constructive notice of all the material facts which its agent, while acting in the scope of his authority, receives notice.  *See SCJUR Agency* § 94, *citing Crystal Ice Co. of Columbia v. First Colonial Corp.*, 273 S.C. 306, 257 S.E.2d 496 (1979); *Bankers Trust of S.C. v. Bruce*, 283 S.C. 408, 323 S.E.2d 523 (Ct. App. 1984).  The principal's constructive knowledge of a prior mortgage does not defeat a claim for equitable subrogation.  *E.g.*, *Dedes v. Strickland*, *supra*;  *Enterprise Bank v. Fed. Land Bank of Columbia*, 139 S.C. 397, 138 S.E. 146 (1927); *Pee Dee State Bank v. Prosser*, 295 S.C. 229, 367 S.E.2d 708

(Ct. App. 1988) *overruled on other grounds United Carolina Bank v. Caroprop, Ltd.*, 316 S.C. 1, 446 S.E.2d 415 (1994).

The Court of Appeals erred in finding Bank had actual notice of DeCarlis' 2006 second mortgage by virtue of its agent's actual knowledge of this lien. Since Bank had only constructive knowledge of that mortgage, and since it otherwise met the requirements for equitable subrogation to the original first mortgage it satisfied in 2007, the master correctly ordered that Bank's 2007 mortgage was equitably subrogated to that mortgage and therefore has priority over DeCarlis' 2006 mortgage.

## CONCLUSION

We reverse the decision of the Court of Appeals and reinstate the master's judgment.

**REVERSED**.

**TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**